**UNITED STATES of America,**
**Appellant,**
**v.**
**DOCTORS' CLUB OF HOUSTON,**
**TEXAS, Appellee.**
**No. 18610.**

United States Court of Appeals
Fifth Circuit.

May 17, 1961.

Harold M. Seidel, Atty., Dept. of Justice, Washington, D. C., Abbott M. Sellers, Acting Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., William B. Butler, U. S. Atty., Houston, Tex., Meyer Rothwacks, Atty., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., George F. Lynch, Atty., Dept. of Justice, Washington, D. C., Arthur L. Moller, Asst. U. S. Atty., Houston, Tex., for appellant.

John G. Heard, Houston, Tex., Vinson, Elkins, Weems & Searls, Houston, Tex., of counsel, for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and BROWN, Circuit Judges.

TUTTLE, Chief Judge.

The United States appeals from a judgment granting a refund of taxes to the Doctors' Club of Houston, Texas. The taxes were collected by the Internal Revenue Service under the provisions of Section 1710(a) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 1710(a)

(1), and Section 4241(a) (1) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 4241(a) (1). These sections are practically the same, and they provide as follows:

Internal Revenue Code of 1954:

"§ 4241. Imposition of tax.

"(a) Rate.—There is hereby imposed—

"(1) Dues or membership fees.—A tax equivalent to 20 percent of any amount paid as dues or membership fees to any social, athletic, or sporting club or organization, if the dues or fees of an active resident annual member are in excess of $10 per year."

It is the government's contention that the appellee is a "social group or organization" within the contemplation of this section. The Doctors' Club argues, on the other hand, that its admitted social activities are subordinate and merely incidental to its primary purpose and that, therefore, it is not a social club.

We have carefully read and analyzed the evidence adduced upon the trial below, and find that a fair statement of the evidence is contained in the printed opinion of the District Court at 183 F.Supp. 152.

We conclude that the findings of fact made by the trial court are amply supported by the evidence and that the conclusion drawn by the court is a proper one in light of the record presented.

■ Undoubtedly there were activities carried on at the Doctors' Club of Houston that were strictly social, and that in and of themselves did not contribute to furtherance of the purposes and functions of the Houston Academy of Medicine or the medical profession in the city of Houston. The trial court found that such activities constituted from ten to sixteen per cent of the total activities of the Club. As stated, we find that this finding of fact is supported by the evidence. Moreover, accepting the standard established by Treasury Regulations 43 (1941 ed.) Sec. 101.-25, we think that even some of the social features, under the evidence before the trial court, were not "a material purpose of the organization but [were] subordinate and merely incidental *to the active furtherance of a different and predominant purpose.*" (Emphasis added.)

■ Undoubtedly some members of the Doctors' Club did consider it as having value as a social club. It may be that some of them had no other club where they could entertain their friends, either at lunch or for dinner. However, the fact that in pursuing its predominant purpose of furthering the professional ideas and designs of the Houston Academy of Medicine, the facilities incidentally met the needs of some of its members for a strictly social purpose, does not, we think, change the primary and predominant reason for the Club's existence.

Because of the clear and complete exposition of the facts and conclusions reaching this result in the opinion of the trial court, we find it unnecessary to do more than to affirm its judgment on the basis of its opinion.

Affirmed.